IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO. 7:15-CV-263-BO

| | |
|---|---|
| CRUZBIKE, INC., <br> Plaintiff, | ) <br> ) <br> ) |
| v. | )     O R D E R <br> ) |
| JOHN TOLHURST, <br> Defendant. | ) <br> ) <br> ) |

This matter comes before the Court on plaintiff's motion to remand [DE 12] and defendant's motion to stay pretrial deadlines and discovery [DE 16]. The appropriate responses and replies have been filed, and the matters are ripe for ruling. For the reasons below, plaintiff's motion to remand is GRANTED, and defendant's motion to stay is DENIED AS MOOT.

## BACKGROUND

Plaintiff initially brought suit in state court in Columbus County, North Carolina, on June 29, 2015. [DE 1-2]. Plaintiff's complaint sought injunctive relief for breach of agreement, "compensatory and punitive damages in an amount in excess of $10,000.00," "an amount in excess of Ten Thousand Dollars ($10,000.00), for punitive damages," attorney's fees, costs, and expenses. *Id.* Defendant was served on November 19, 2015. [DE 1]. On December 15, 2016, defendant removed the case to federal court in the Eastern District of North Carolina on the basis of diversity jurisdiction. *Id.* On March 10, 2016, plaintiff moved to remand to state court. [DE 12]. On March 14, 2016, defendant moved to stay pretrial deadlines and discovery. [DE 16].

## DISCUSSION

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). Upon removal of a state action to federal court,

"[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)). When considering whether a removal is proper, the Court must remand the case if federal jurisdiction is doubtful, as removal jurisdiction raises significant federalism concerns. *Mulcahey*, 29 F.3d at 151.

In North Carolina, a pleading properly "shall not state the demand for monetary relief, but shall state that the relief demanded is for damages incurred or to be incurred" in excess of a set amount—either $10,000.00 or $25,000.00—depending on when the suit was brought. N.C. Gen. Stat. § 1A-1, Rule 8.

Here, the parties agree that there is diversity of citizenship, as plaintiff is a North Carolina corporation and defendant is a citizen of Australia. [DE 1, 13]. However, defendant's notice of removal made no mention of the amount in controversy requirement. [DE 1]. Plaintiff, in its state court complaint, pled that the relief for compensatory and/or punitive damages would exceed $10,000. [DE 1-2]. Therefore, upon removal, defendant had the burden of proving an amount in controversy in excess of $75,000.00 by a preponderance of the evidence. 28 U.S.C. § 1446(c).

The parties agree that the amount in controversy is fixed at the time the complaint is filed. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291–93 (1938). However, given the nature of North Carolina's state pleading rules, more information is needed than is provided in the complaint. Accordingly, the Court considers the existing record. *Aerial Images, Inc. v. Anderson*, No. 5:99CV320-BO(3), 2000 WL 33682689, at *2 (E.D.N.C. Feb. 21, 2000) (citing *Hoffman v. Vulcan Materials Co.*, 19 F.Supp.2d 475 (M.D.N.C.1998)). To that end, plaintiff, who bears no burden in the instant consideration, filed an affidavit from Mr. James

2

Parker, shareholder and director of Cruzbike, Inc., clarifying that its damages flowing from the breach of contract are no greater than $56,000.00. [DE 13-1]. A later affidavit clarified that plaintiff seeks $12,000.00 in punitive damages and that the injunction sought is not worth any financial amount, as it is a purely protective measure to enforce the non-disparagement clause as necessary in the future, as it is presently not affecting business. [DE 20-1]. Altogether, plaintiff's affidavits establish that plaintiff seeks no more than $68,000.00 in damages. [DE 13-1, 20-1]; *see Griffin v. Holmes*, 843 F. Supp. 81, 87–88 (E.D.N.C. 1993).

Defendant, who does bear a burden, has filed no affidavits or otherwise put forth sufficient evidence or arguments to establish by a preponderance of the evidence that the amount in controversy actually exceeds $75,000.00. As to the injunction specifically, the Court recognizes that "requests for injunctive relief must be valued in determining whether the plaintiff has alleged a sufficient amount in controversy." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). However, this is not an exact science. Plaintiff's evidence that the injunction would make no impact on the business is instructive on this issue, as is defendant's lack of evidence to support its claim that the injunction is worth more than the amount necessary to clear the jurisdictional bar. Accordingly, the Court finds that defendant's argument that it is reasonable to conclude that the injunctive relief sought satisfies the amount in controversy requirement is insufficient to meet its burden.

Accordingly, as plaintiff has provided evidence demonstrating that the amount in controversy is less than the jurisdictional amount, and defendant has not met its burden to prove otherwise, plaintiff's motion to remand is granted. The Court notes that plaintiff may be estopped from taking an inconsistent position as to the amount in controversy in the future.

3

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is GRANTED [DE 12], and defendant's motion to stay pretrial deadlines and discovery is DENIED AS MOOT [DE 16]. This matter is REMANDED to the Superior Court of Columbus County, North Carolina. The clerk is DIRECTED to close the case.

SO ORDERED, this 23 day of June, 2016.

                                            TERRENCE W. BOYLE
                                            UNITED STATES DISTRICT JUDGE